**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**BENTON AND COMPANY, Inc., Respondent.**

No. 19320.

United States Court of Appeals Fifth Circuit.

Feb. 6, 1963.

**630**

Marcel Mallet-Prevost, Asst. Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Herman M. Levy, Atty., Stuart Rothman, Gen. Counsel, Allison W. Brown, Jr., Alexander B. McMurtrie, Attys., National Labor Relations Board, Washington, D. C., for petitioner.

J. Danforth Browne, Tampa, Fla., Roy M. Speer, St. Petersburg, Fla., Macfarlane, Ferguson, Allison & Kelly, Tampa, Fla., DiVito & Speer, St. Petersburg, Fla., for respondent.

Before JONES and BELL, Circuit Judges, and ESTES, District Judge.

PER CURIAM.

An unfair labor practice charge was made against the respondent, Benton and Company, Inc., and a cease and desist order was entered. The Board seeks enforcement of its order. The respondent and the Board have stipulated that the respondent does not contest the validity of the Board's order except as to its jurisdiction over the respondent. The respondent here contends that it is not engaged in commerce or in any activity affecting commerce within the meaning of the National Labor Relations Act, 29 U.S.C.A., as amended, § 151 et seq. The jurisdictional issue is the only question before us.

The respondent is a Florida corporation. It dredges oyster shell from Tampa Bay and sells it for use as a base in road construction. Nearly all of its product is sold to road contractors engaged in building pavement in residential subdivisions in Pinellas County, Florida. Little, if any, of the shell goes into through streets or highways. None of it was used on any state or federal highway. None of it was transported out of the State of Florida. In the year 1959 the respondent bought fuel for its tugs, dredges and motor vehicles, operating supplies, repair and replacement parts, and other goods and materials of a value of over $83,000. All of the purchases were made within the State of Florida. Of these purchases, goods of a value exceeding $50,000 had their origin outside of Florida. Nothing which respondent buys is resold or goes into the product which it sells.

Whatever difficulties might have been presented by the facts of this case at the time it was brought before us, the narrow question submitted has, we think, been resolved by the recent decision of N. L. R. B. v. Reliance Fuel Oil Corporation, 83 S.Ct. 312. From the principles there stated it follows that the Board properly determined that the activities of the respondent affected commerce and that the Board had jurisdiction. The Board's order will be

Enforced.