LUCAS COUNTY FARM BUREAU CO-OPERATIVE ASSOCIATION, Monclova Road, Maumee, Ohio, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 14333.

United States Court of Appeals Sixth Circuit.

May 10, 1961.

15. 15 U.S.C.A. § 13(b).

Ralph S. Boggs, Toledo, Ohio, for petioner. Boggs, Boggs & Boggs, Toledo, Ohio, on the brief.

Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Samuel M. Singer, Judith Bleich Kahn, Attys., National Labor Relations Board, Washington, D. C., on the brief, for respondent.

Before MILLER, Chief Judge, and MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

The petitioner seeks to set aside an order of the National Labor Relations Board issued August 5, 1960. The Board in its answer seeks enforcement of the order.

The petitioner is a farmers' cooperative association, incorporated under the laws of Ohio, doing business in Lucas County, Ohio, and engaged in the marketing of grain and processing seed and feed for its members. It also sells retail to its members and to the public certain farm supplies, such as feed, seed, fertilizer, and spray materials. During the fiscal year 1958, in connection with its operation, petitioner purchased approximately $34,000.00 worth of coal and lumber from outside the State of Ohio. During the same fiscal year petitioner sold $255,120.00 worth of grain, $187,-000.00 of which was sold to a grain marketing cooperative outside the State of Ohio, of which petitioner was a member. Petitioner employed 22 employees, including truck drivers, warehousemen and yardmen. Petitioner, as distinguished from its members, does not engage in any farming operations.

The Board found that petitioner violated Section 8(a) (5) and (1) of the National Labor Relations Act, 29 U.S.C.A. § 158(a) (1, 5) by refusing to recognize and bargain with the union, the certified majority representative of its employees, and by individually dealing with employees and effecting unilateral changes in conditions of employment without prior consultation with the union. It entered a cease-and-desist order based on those findings.

Petitioner contends that the Board improperly asserted jurisdiction over its operation, in that (1) it was not engaged in commerce within the meaning of the Act; (2) that the employees in the unit for which the union was certified were "agricultural laborers" excluded from the coverage of the Act; and (3) that its operations did not satisfy the Board's standards for the exercise of its jurisdiction.

Although petitioner's interstate transactions were a comparatively small part of its overall business, it was, nevertheless, engaged in commerce within the meaning of the Act. Guss v. Utah Labor Relations Board, 353 U.S. 1, 3, 77 S.Ct. 598, 1 L.Ed.2d 601; N. L. R. B. v. Fainblatt, 306 U.S. 601, 606–607, 59 S.Ct. 668, 83 L.Ed. 1014; N. L. R. B. v. Denver Building & Construction Trades Council, 341 U.S. 675, 683–685, 71 S.Ct. 943, 95 L.Ed. 1284. The fact that it is a nonprofit corporation does not exempt it from jurisdiction under the Act. Associated Press v. N. L. R. B., 301 U.S. 103, 128–129, 57 S.Ct. 650, 81 L.Ed. 953.

The Act is not applicable to "any individual employed as an agricultural laborer." Sec. 2(3) of the Act, Sec. 152 (3), Title 29 U.S.C.A.: However, the employees herein involved worked for the petitioner corporation, not for its member farmers. The petitioner was not engaged in farming and none of its employees were engaged in farming or performed any work on a farm. Petitioner's employees were not exempt as agricultural laborers. Farmers Reservoir & Irrigation Co. v. McComb, 337 U.S. 755, 69 S.Ct. 1274, 93 L.Ed. 1672; N. L. R. B. v. Edinburg Citrus Ass'n, 5 Cir., 147 F. 2d 353, 354; N. L. R. B. v. Central Oklahoma Milk Producers Ass'n, 10 Cir., 285 F.2d 495, 497.

We find no merit in petitioner's contention that its operations did not satisfy the Board's standards for the exercise of its jurisdiction. If jurisdic-

tion exists under the Act, the extent to which that jurisdiction will be exercised is a matter of administrative policy within the discretion of the Board. N. L. R. B. v. Denver Building & Construction Trades Council, supra, 341 U.S. 675, 684, 71 S.Ct. 943; N. L. R. B. v. F. M. Reeves & Sons, Inc., 10 Cir., 273 F.2d 710, 711–712; N. L. R. B. v. W. B. Jones Lumber Co., 9 Cir., 245 F.2d 388, 390.

The petition to set aside the Board's order is denied, and a decree of enforcement will be entered.