**GREENE COUNTY FARM BUREAU CO-OPERATIVE ASSOCIATION, INC.,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD,** Respondent.

**No. 16618.**

United States Court of Appeals District of Columbia Circuit.

Argued March 13, 1962.

Decided March 21, 1963.

Mr. John O. Henry, Dayton, Ohio, of the bar of the Supreme Court of Ohio, pro hac vice, by special leave of court, with whom Messrs. Preston B. Kavanagh and Edgar T. Bellinger, Washington, D. C., were on the brief, for petitioner.

Mr. William J. Avrutis, Attorney, National Labor Relations Board, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Messrs. Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Melvin Pollack, Atty., National Labor Relations Board, were on the brief, for respondent.

Before BAZELON, Chief Judge, and EDGERTON and WASHINGTON, Circuit Judges.

PER CURIAM.

The primary question in these cross-petitions for review and enforce-

ment of an order of the National Labor Relations Board is whether the unfair labor practices found therein "affect commerce" within the meaning of § 2(6) and (7) of the National Labor Relations Act, 49 Stat. 449, as amended, 29 U.S.C. §§ 151, et seq., for the purpose of establishing the Board's jurisdiction under § 10 (a).[1] The petitioner Cooperative annually purchases about $200,000 worth of petroleum products from an Ohio supplier who receives the products from outside the state. That this is sufficient to support the Board's jurisdiction under § 10(a) is now settled by the recent decision of the Supreme Court in National Labor Relations Board v. Reliance Fuel Oil Corp., 371 U.S. 224 (1963).

 Petitioner makes three other arguments. The first is that, even though the jurisdictional question had already been determined in the representational proceeding, it should have been relitigated in the unfair labor practice proceeding because the jurisdictional facts had become "stale." But petitioner offered no proof of changed circumstances affecting the amount of its annual purchases of petroleum products from outside the state.[2] Absent such an offer, we are aware of no authority requiring the Board to relitigate the issue. See National Carbon Company, 110 NLRB 2184 (1954); The Texas Pipe Line Company, 129 NLRB 705 (1960); cf. American Broadcasting Company, etc., 134 NLRB 1458 (1961).

 Next, petitioner argues that its employees are agricultural laborers within the meaning of § 2(3) of the Act and are therefore excluded from the Act's coverage. We think, however, that

the record supports the Board's contrary determination. Farmers Reservoir & Irrigation Co. v. McComb, 337 U.S. 755 (1949); Lucas County Farm Coop. Ass'n v. National Labor Relations Board, 289 F.2d 844 (6th Cir.), cert. denied, 368 U.S. 823 (1961); National Labor Relations Board v. Central Oklahoma Milk Producers Ass'n, 285 F.2d 495 (10th Cir. 1960).

Finally, we find no merit in petitioner's claim that the Board abused its discretion in determining the appropriate bargaining unit. The Board's order will be enforced.

Affirmed.

---

1. Section 10(a) of the Act empowers the Board "to prevent any person from engaging in any unfair labor practice [listed in § 8] affecting commerce." "Commerce" is defined in § 2(6) as "trade, traffic, commerce, transportation, or communication among the * * * States * * *." and § 2(7) states that

"The term 'affecting commerce' means in commerce, or burdening or obstructing commerce or the free flow of commerce, or having led or tending to lead

to a labor dispute burdening or obstructing commerce or the free flow of commerce."

2. The "newly discovered" fact that both petitioner and its supplier take delivery and make delivery within Ohio is irrelevant since the products nevertheless continue to come from without Ohio. National Labor Relations Board v. Reliance Fuel Oil Corp., supra.