**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**FIORE BROTHERS OIL COMPANY, Inc., and Amalgamated Union Local 355, Respondents.**

No. 300, Docket 27876.

United States Court of Appeals Second Circuit.

Argued March 28, 1963.

Decided May 22, 1963.

Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel,

Marcel Mallet-Prevost, Asst. Gen. Counsel; Allison W. Brown, Jr., Harold B. Shore, Attys., National Labor Relations Board, for petitioner.

Katz & Wolchok, New York City (Charles R. Katz, New York City, of counsel), for respondent Fiore.

Before WATERMAN and KAUFMAN, Circuit Judges, and BRYAN, District Judge.

WATERMAN, Circuit Judge.

The National Labor Relations Board petitions for enforcement of its order issued against Fiore Brothers Oil Company, Inc. and Amalgamated Union Local 355.[1] The Board found that the Company violated Sections 8(a) (1), (2) and (3) of the National Labor Relations Act, 29 U.S.C. §§ 151 et seq., by bringing Local 355 into the Company's shop; by rendering illegal assistance to it and recognizing it as the majority representative of the employees; by entering with the Union into a collective bargaining agreement which included a union security clause, while knowing that Local 355 did not at any time represent an uncoerced majority of respondent's employees; and by maintaining and enforcing the unlawful agreement. The Board found that Local 355 violated Sections 8 (b) (1) (A) and 8(b) (2) of the Act by virtue of its participation in the above activities.[2]

The evidentiary facts of the case, as fully set out in the Trial Examiner's report and in the decision and order of the Board, 137 NLRB No. 19, are not in dispute.[3] Moreover, the Company concedes that the Board's order must be en-

---

1. Although the Company has questioned the jurisdiction of the Board below, our jurisdiction, and that of the Board, is clear. N. L. R. B. v. Reliance Fuel Oil Corp., 371 U.S. 224, 83 S.Ct. 312, 9 L.Ed. 2d 279 (1963). The allegedly unfair labor practices occurred in New York City, where the Company is engaged in the business of selling, servicing and installing heating equipment and in distributing coal and oil supplies to individual homeowners and businesses. The Company annually purchases and causes to be delivered to its Staten Island plant from states other than New York, coal, oil and other goods valued in excess of $50,000.

2. The Union did not submit a written brief nor did it participate in oral argument before the court in these proceedings.

3. At the hearing before the Trial Examiner both Company and Union rested when the General Counsel had concluded the presentation of the Board's evidence.

forced if Anthony Bartholdi, an employee of respondent Fiore who solicited Local 355 designation cards from a majority of the Company's employees, was acting as an agent of the Company when he did so.[4]

The Board relied upon the following facts to establish Bartholdi's agency. On June 9, 1961, the Seafarers International Union (S.I.U.) filed a petition with the Board to be designated as the collective bargaining representative of the Company's employees. Bartholdi, a non-supervisory employee who was the son-in-law of the Company's president, Ferdinand Fiore, explained his refusal to sign an S.I.U. card on the ground that the union would tell Fiore "how to run the business, after he had been running it 35 or 40 years by himself." When the S.I.U. subsequently withdrew its petition, Fiore stated that the withdrawal gave the Company the opportunity to "bring in" Local 355. Bartholdi thereafter solicited Local 355 authorization cards during his scheduled work time, and in the course of his solicitation told an employee that the "Company" was "going union." A supervisory employee of the respondent Company arranged a meeting between Bartholdi and another employee, apparently in order to afford Bartholdi the opportunity to solicit the employee for membership in Local 355. The employee benefits which Bartholdi promised from Local 355 membership were essentially the same benefits that were set forth in the contract subsequently entered into by that Union and the Company. The contract was executed by employer and union within some two days of the time that Bartholdi had signed up an apparent majority of the employees for union membership.

Upon these uncontested facts we cannot say that the Board's finding of an agency relationship between Bartholdi and respondent was not supported by substantial evidence. 29 U.S.C. § 160 (e).

Enforcement granted.

---

4. "The basic issue therefore presented for determination is whether or not A.B. on August 12, 1961 was an agent of the respondent company within the meaning and intendment of the Act so as to make the company responsible for his activities.

"If A.B. was such agent, then the majority status which was created on August 12, 1961, was 'coerced' within the meaning of the Act, and the entering into of the Union agreement on August 14, 1961, constituted violations of Section 8(a) (1), (2) and (3) of the Act." Brief for respondent Fiore Brothers Oil Company, Inc.