**612**

William BRUNO, doing business under the firm name and Style of Egan Transit Mix Company, Plaintiff,

v.

John O'ROURKE, as President and Andrew Duffy as Secretary-Treasurer, Local 282, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Defendants.

No. 63-C-1049.

United States District Court
E. D. New York.

Oct. 17, 1963.

Kimmell & Kimmell, Mineola, N. Y., Leonard S. Kimmell, Mineola, N. Y., of counsel, for the motions.

Cohen & Weiss, New York City, Bruce H. Simon, New York City, of counsel, in opposition to the motions.

RAYFIEL, District Judge.

This action was commenced in the Supreme Court of the State of New York, County of Suffolk, for damages allegedly sustained by the plaintiff as a result of the picketing by the defendant, Local 282, of trucks hired by the plaintiff to deliver concrete to his customers. On September 12, 1963 a temporary restraining order was signed by Hon. John P. Cohalan, Jr., a Justice of that Court, enjoining the defendants from "Picketing in or about any trucks or other vehicles engaged in transporting concrete products for plaintiff while such trucks are delivering such products on the job sites of customers of plaintiff, wherever located" pending the hearing on plaintiff's application for an injunction pendente lite. The action was then removed to this Court pursuant to Sections 1441 and 1446 of Title 28 United States Code, on the ground that this is an action against a labor union for an alleged unfair labor practice, as defined by Section 8(b)(4) of the National Labor Relations Act, (Section 158(b)(4) of Title 29 U.S.Code) an action of which this Court has original jurisdiction under Section 303 of the Labor Management Relations Act of 1947 (Section 187 of Title 29 U. S. Code).

The plaintiff then moved, in the alternative, either to remand the case to the Supreme Court of the State of New York, Suffolk County, on the ground that this

Court had no jurisdiction of the case because the plaintiff was not engaged in interstate commerce, as defined in the National Labor Relations Act, or, if the Court found that it had jurisdiction, to enjoin the acts and conduct of the said defendant.

A hearing was held at which the plaintiff testified substantially as follows:

For several years last past he had been an officer and director, and the owner and holder of 25% of the capital stock of a company known as Union Transit Mix Inc., (Union) a corporation organized under the laws of the State of New York, whose principal place of business was located at Eaton Avenue, West Babylon, Suffolk County, New York. This company was engaged in the business of manufacturing ready mixed concrete which it prepared at its plant at the above address. It owned several large trucks used in the delivery of the concrete to its customers. The drivers whom it employed to operate these trucks were members of the defendant, Local 282, with which Union had a collective bargaining agreement. In the latter part of June, 1963, the plaintiff decided to sell his stock interest in Union and enter the ready mixed concrete business on his own account as a jobber. On June 29, 1963 he entered into an agreement with Union whereby it was to pay him the sum of $51,000.00 for his thirty shares (25%) of its stock. The agreement, received in evidence as Court's Exhibit "B", provided that payment of said sum was to consist "partly of cash and the balance as a credit in the purchase of concrete from the party of the Second Part (Union)." (Matter in parentheses added). The contract is silent as to the amount of cash to be paid on the execution thereof and as to the cost of the concrete which he was to purchase from Union. He testified that at the time of the execution of the agreement he received the sum of $6,000 in cash and that the balance of $45,000 was to be paid by credit of 25% of each order for concrete purchased from Union. He commenced operations as a jobber on July 2, 1963. He solicited business from many of the customers who had done business with him during his association with Union. He took orders from them for concrete which he then purchased from Union since he had no plant for the manufacture or preparation thereof. Deliveries were made in transit-mix trucks owned and operated by individuals to whom he paid a fixed sum, based upon the number of cubic yards of concrete which they delivered. There were five such trucks. They had been owned and operated by Union but, having reached a state of obsolescence, were sold shortly before the plaintiff left Union, three to individuals who had formerly been employed by Union as drivers. The testimony revealed that for some reason, not made clear, the promissory notes given in payment of the purchase price of said trucks were drawn to the order of the plaintiff, who, on the advice of his accountant, later endorsed them to Union.

The plaintiff continued to do business in this way during the months of July and August, 1963, in which period he did a gross business of $35,000.00.

On September 3, 1963, the defendant, Local 282, established a picket line around the premises of Union, claiming that the drivers of its trucks were being deprived of employment by reason of plaintiff's use of the said independent, owner-operated trucks. It also caused the trucks used by the plaintiff to be followed in the course of their deliveries, and to be picketed upon arrival at the job sites. Plaintiff claims that this action on the part of the defendant, Local 282, caused the plaintiff's customers to refuse to accept the delivery of the concrete from him and to stop doing business with him. This action was then commenced.

■ It is manifest from the evidence before me that the plaintiff is engaged in a business affecting commerce, as defined in the National Labor Relations Act. He purchased virtually all of his concrete from Union which, according to the uncontroverted evidence, purchased its cement, its principal ingredient, from

**614**

suppliers outside the state. See N.L.R.B. v. Reliance Fuel Corp., 371 U.S. 224, 83 S.Ct. 312, 9 L.Ed.2d 279; N.L.R.B. v. Benton & Co., Inc., 5 Cir., 313 F.2d 629. The plaintiff testified that he did a gross business of $35,000 in two months. Projecting this figure over a period of twelve months it is obvious that his annual purchases of goods which had their origin outside of the State of New York would exceed the sum of $50,000. See N.L.R.B. v. Citizens Hotel Company, 5 Cir., 313 F.2d 708.

The evidence points irrefutably to the fact that there is a "labor dispute" between Local 282 and Union as that term is defined by Section 152(9) of Title 29 U. S. Code. It appears, further, that the picketing of the trucks at the job sites, as aforementioned, by members of Local 282 may constitute a secondary boycott, proscribed as an unfair labor practice by Section 8(b)(4) of the National Labor Relations Act, (Section 158 (b)(4) of Title 29 U.S.C.) for which the plaintiff has a cause of action for damages under Section 303 of the Labor Management Relations Act, (Section 187 of Title 29 U.S.C.) which was properly removed to this Court pursuant to Sections 1441 and 1446 of Title 28 U.S.C. I do not pass upon the bona fides of the agreement of June 29, 1963 between Union and the plaintiff (Court's Exhibit "B") or the possible present business relationship, if any, between them. These matters are left for resolution at the trial of this action, or at a hearing, if one should be held, by the National Labor Relations Board. Accordingly, the plaintiff's motion to remand this case to the Supreme Court of the State of New York, County of Suffolk is denied.

In the light of the foregoing I deny also the plaintiff's application for an injunction pendente lite. *Only* the National Labor Relations Board is given the right to apply for *injunctive* relief under Section 10(*l*) of the National Labor Relations Act (Section 160(*l*) of Title 29 U.S.C.). See Haspel v. Bonnaz, etc., Local 66, D.C., 112 F.Supp. 944, Affd. 2 Cir., 216 F.2d 192.

It is unnecessary, therefore, to pass upon the plaintiff's motion to punish the defendants for contempt. The motion is in all respects denied.

Settle order on notice.