HEART OF ATLANTA MOTEL, INC., a Georgia corporation, Plaintiff,

v.

The UNITED STATES of America and Robert F. Kennedy as the Attorney General of the United States, Defendant.

Civ. A. No. 9017.

United States District Court
N. D. Georgia,
Atlanta Division.

July 22, 1964.

Moreton F. Rolleston, Jr., Atlanta, Ga., for plaintiff.

Charles L. Goodson, U. S. Atty., Atlanta, Ga., and Burke Marshall and St.

John Barrett, Asst. Attys. Gen., Washington, D. C., for defendants.

Before TUTTLE, Circuit Judge, and HOOPER and MORGAN, District Judges.

PER CURIAM.

This is a complaint filed by Heart of Atlanta Motel, a large downtown motel in the city of Atlanta, regularly catering to out of state guests, praying for a declaratory judgment and injunction to prevent the Attorney General of the United States from exercising powers granted to him under the Civil Rights Act of 1964, 42 U.S.C.A. § 1971, as amended. The suit also attempts to obtain recovery from the United States for substantial damages alleged to result from a partial taking of the complainant's property without just compensation.

Conceding, as it does, that it is regularly engaged in renting sleeping accommodations to out of town guests, seventy-five percent of whom come from without the state of Georgia, and that it "has refused and intends to refuse to rent sleeping accommodations to persons desiring said accommodations, for several different reasons, one of which is based on the grounds of race, unless ordered by this Court to comply with the provisions of the Civil Rights Act of 1964," the suit attacks the constitutionality of the public accommodations sections of the Civil Rights Act as applied to such a motel.

Since this is a suit seeking an injunction against the enforcement of a Federal statute on the alleged grounds that it is in violation of the United States Constitution, a three-judge court was convened as provided for in 28 U.S.C.A. § 2282.

The Attorney General filed a counterclaim seeking, on behalf of the United States, a temporary and permanent injunction against future violation of the Civil Rights Act by the plaintiff. The case was set down for hearing, and after the introduction of oral testimony on behalf of the United States, the signing of stipulations between the parties, and oral statements made by counsel for the plaintiff in open court, it appeared that no factual issues remained. The parties also conceded in open court that the matter might be treated as a hearing on the petition for the final permanent injunction.

In the first place, the claim of the plaintiff for damages against the United States on the alleged ground of deprivation of property without just compensation alleges no grounds for relief, entirely aside from the question whether such alleged deprivation would be justified by reason of the power of Congress to enact this particular legislation. This is so, because such a claim for damages or recovery for value of property taken by the Federal Government must be asserted in the United States Court of Claims unless the amount sought is not in excess of $10,000. However, in the view we take of the law, such a suit is not maintainable in any event.

The real question presented by this complaint and counterclaim is whether Section 201(a), (b), (1) and (c) is constitutional.[1]

---

1. "Sec. 201. (a) All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

"(b) Each of the following establishments which serves the public is a place of public accommodation within the meaning of this title if its operations affect commerce, or if discrimination or segregation by it is supported by State action:

"(1) any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually oc-

In substance, this section of Title II declares the right of every person to full and equal enjoyment of the goods, services and facilities of any hotel or motel which provides lodging to transient guests if it contains more than five rooms for rent or hire. The section is a congressional ascertainment and declaration of the fact that such "an establishment affect(s) commerce within the meaning of this title."

Article I, Section 8, of the Constitution provides:

"Clause 1: The Congress shall have Power * * * Clause 3: To regulate Commerce with foreign Nations, and among the several States, and with the Indian tribes;" and Clause 18 "To make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers * * *."

In United States v. Darby, 312 U.S. 100, 118, 61 S.Ct. 451, 459, 85 L.Ed. 609, the Supreme Court said:

"The power of Congress over interstate commerce is not confined to the regulation of commerce among the states. It extends to those activities intrastate which so affect interstate commerce or the exercise of the power of Congress over it as to make regulation of them appropriate means to the attainment of a legitimate end, the exercise of the grant of power of Congress to regulate interstate commerce. See McCulloch v. Maryland, 4 Wheat. 316, 421, 4 L.Ed. 579."

■■ Thus, it need not be decided whether the outlawing of racial discrimination by a hotel accepting transient guests may be justified on the ground that it is actually in the stream of commerce. The power of Congress, when that body seeks to occupy the full extent of its powers under the Constitution, "extends to those activities intrastate which so affect interstate commerce * *

as to make regulation of them appropriate means to * * * the exercise of the grant of power of Congress to regulate interstate commerce." Of course, the initial determination of whether the challenged regulation is such "appropriate means" is for Congress. Courts may not overturn such determination unless· they conclude that under no reasonable theory could Congress find them "appropriate to the attainment" of its power to regulate commerce.

■ This Court, as recently as July 10, 1964, in the case of Marriott Hotels of Atlanta, Inc. v. Heart of Atlanta Motel, Inc., C.A. No. 8832,' 232 F.Supp. 270, held that the operations of Heart of Atlanta Motel (1) are in the stream of commerce, and that, in any event, (2) such operations affect commerce so as to subject it to Congressional regulation under the Sherman Antitrust Act. It being undisputed that in the adoption of the Civil Rights Act of 1964, Congress has seen fit to exercise its full power as granted it under the Constitution the scope of its operation in this field must, therefore, be taken to be at least as broad as that which it exercised in the adoption of the Sherman Act. Its scope is, therefore, also as broad as in the legislation affecting labor relations under the National Labor Relations Act. It is broader than that exercised by Congress in its regulation of wages and hours of services under the Wage and Hour laws.

In the specific field of hotel operations, the Supreme Court has ruled that the National Labor Relations Board could not lawfully follow a policy of refusing to take jurisdiction over unfair labor practices and other labor disputes in hotels and motels as a class. Hotel Employees Local No. 255, etc. v. Leedom, 358 U.S. 99, 79 S.Ct. 150, 3 L.Ed.2d 143. Following that decision, the Court of Appeals of this judicial circuit in N.L.R.B. v. Citizens Hotel Co., 5 Cir.,

cupied by the proprietor of such establishment as his resident; * * *.
"(c) The operations of an establishment affect commerce within the meaning

of this title if (1) it is one of the establishments described in paragraph (1) of subsection (b); * * *."

313 F.2d 708, overruled a contention by the Citizens Hotel Company, operator of the Texas Hotel in Fort Worth, Texas, that its operations did not fall within the constitutional reach of the National Labor Relations Act because it was not either engaged in commerce, nor did its operations affect commerce. In arriving at that decision the court referred to the Supreme Court's opinion in National Labor Relations Board v. Reliance Fuel Oil Corp., 371 U.S. 224, 83 S.Ct. 312, 9 L.Ed.2d 279. That case dealt with an attack by the local fuel oil corporation on the jurisdiction of the Labor Board because, while most of the products sold by Reliance had been acquired from Gulf Oil Corporation and had been delivered to it from without the state of New York, they nevertheless had been received and stored in the state before sales were made to Reliance. It was thus contended that Reliance was not engaged in commerce nor were its operations such as to affect commerce within the constitutional sense. The Supreme Court said:

"That activities such as those of Reliance affect commerce and are within the constitutional reach of Congress is beyond doubt. See e. g., Wickard v. Filburn, 317 U.S. 111 [63 S.Ct. 82, 87 L.Ed. 122]."

The opinion also significantly quoted from the court's earlier decision in Polish Nat. Alliance v. National Labor Relations Board, 322 U.S. 643 where, at page 648, 64 S.Ct. 1196, at page 1199, 88 L.Ed. 1509, it had said:

"Congress has explicitly regulated not merely transactions or goods in interstate commerce but activities which in isolation might be deemed to be merely local but in the interlacings of business across state lines adversely affect such commerce."

■■ It is clear that the attack by the complainant on the constitutionality of these sections of the Civil Rights Act must fail. It is equally clear that the United States is entitled to the injunction prayed for by it in its counterclaim. An injunction will issue in the following terms:

### ORDER

The plaintiff, Heart of Atlanta Motel, Inc., a corporation, its successors, officers, attorneys, agents and employees, together with all persons in active concert or participation with them, are hereby enjoined from:

(a) Refusing to accept Negroes as guests in the motel by reason of their race or color;

(b) Making any distinction whatever upon the basis of race or color in the availability of the goods, services, facilities, privileges, advantages or accommodations offered or made available to the guests of the motel, or to the general public, within or upon any of the premises of the Heart of Atlanta Motel, Inc.

So that the plaintiff may have an opportunity to prepare its record for appeal and, if so advised, seek a stay of this order, it is ordered that the foregoing injunction shall become effective twenty (20) days from the date hereof, on, to-wit, the 11th day of August, 1964.