**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**MARBRO FOOD SERVICE, INC., d/b/a Fab's Famous Foods Company, Respondent.**

No. 8572.

United States Court of Appeals Tenth Circuit.

Sept. 15, 1966.

Thomas Canafax, Attorney, N.L.R.B. (Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, and George B. Driesen, Attorney, N.L.R.B., on the brief), for petitioner.

Russell P. Kramer, Denver, Colo. (Richard L. Harring, Denver, Colo., on the brief), for respondent.

Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Pursuant to § 10(e) of the National Labor Relations Act [1] the Board petitions for the enforcement of its order [2] entered upon findings that Marbro had violated § 8(a) (1) and (3) [3] of the Act by engaging in unfair labor practices. Marbro defends on the ground that the Board does not have jurisdiction.

Marbro makes sandwiches and pastries which it sells at wholesale to vending machine operators and other retail outlets. In the pertinent year it sold products valued at more than $50,000 to Automatic Catering, Inc. All such sales were made in Colorado. Automatic Catering has annual gross retail receipts of over $500,000 and purchases annually

1. 29 U.S.C. § 160(e).

2. Reported at 152 NLRB 826.

3. 29 U.S.C. § 158(a) (1) and (3).

from outside of Colorado products valued in excess of $50,000. These facts bring the proceedings within the self-imposed jurisdictional standards of the Board.[4]

■ Section 10(a) of the Act authorizes the Board to prevent any person from engaging in any unfair labor practice affecting commerce.[5] Marbro argues that the jurisdictional determination must be made on a case by case basis and that the required impact on interstate commerce must be established in each particular case. This approach to Board jurisdiction was rejected by the Supreme Court in National Labor Relations Board v. Reliance Fuel Oil Corp., 371 U.S. 224, 83 S.Ct. 312, 9 L.Ed.2d 279, which reversed a Second Circuit decision based on the principles which Marbro here asserts. After commenting in Reliance that Congress vested in the Board "the fullest jurisdictional breadth constitutionally permissible under the Commerce Clause," the Court said that effect on interstate commerce "is not to be determined by confining judgment to the quantitative effect of the activities immediately before the Board."[6] The Court reaffirmed the statement made in Polish National Alliance of United States of North America v. National Labor Relations Board, 322 U.S. 643, 648, 64 S.Ct. 1196, 1198, 88 L.Ed. 1509, that Congress has regulated "activities which in isolation might be deemed to be merely local but in the interlacings of business across state lines adversely affect such commerce."

■ The Board has acted within the ambit of its constitutional and statutory power, and it is not for the courts to say that such power should not have been exercised.[7] Marbro met the Board's indirect outflow standard by furnishing goods valued at more than $50,000 to Automatic Catering which was within the direct jurisdictional standard because it purchased over $50,000 in goods from outside Colorado and earned over $500,000 in gross retail receipts. Large sales to buyers engaged in interstate commerce are within the constitutional reach of Congress.[8] The argument of Marbro that commerce is not affected because Automatic Catering had an alternative source of supply is not material. A similar contention was rejected by the Supreme Court in National Labor Relations Board v. Bradford Dyeing Ass'n, 310 U.S. 318, 326, 60 S.Ct. 918, 84 L.Ed. 122. We conclude that the Board had jurisdiction.

We have examined the record and find that substantial evidence sustains the Board's decision that Marbro had engaged in unfair labor practice violating § 8(a) (1) and (3) of the Act.

The order of the Board will be enforced.

4. See Siemons Mailing Service, 122 NLRB 81, 85; Carolina Supplies and Cement Co., 122 NLRB 88, 89; and Taylor Baking Co., 143 NLRB 566.

5. Section 2(7) of the Act, 29 U.S.C. § 152(7), defines "affecting commerce" to mean "in commerce, or burdening or obstructing commerce or the free flow of commerce, or having led or tending to lead to a labor dispute burdening or obstructing commerce or the free flow of commerce." Section 2(6) of the Act, 29 U.S.C. § 152(6), says that "commerce" is "trade, traffic, commerce, transportation, or communication among the several States * * *."

6. 371 U.S. 224, 226, 83 S.Ct. 312, 313–314.

7. National Labor Relations Board v. Townsend, 9 Cir., 185 F.2d 378, 383, certiorari denied 341 U.S. 909, 71 S.Ct. 621, 95 L.Ed. 1346. See also National Labor Relations Board v. F. M. Reeves and Sons, Inc., 10 Cir., 273 F.2d 710, 712, certiorari denied 366 U.S. 914, 81 S.Ct. 1087, 6 L.Ed.2d 236.

8. National Labor Relations Board v. Cross, 4 Cir., 346 F.2d 165, 167, certiorari denied 382 U.S. 918, 86 S.Ct. 290, 15 L.Ed.2d 232.