**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**WHITE CHAPEL MEMORIAL ASSOCIATION, Respondent.**

No. 19074.

United States Court of Appeals
Sixth Circuit.

July 24, 1969.

■

237

Leonard M. Wagman, N.L.R.B., Washington, D. C., for petitioner, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D. C., on brief.

Milton Trumbauer, Detroit, Mich., for respondent. Helm, Marshall, Schumann, Greiner & Verdier, Frederick H. Greiner, Jr., Detroit, Mich., on brief.

Before O'SULLIVAN, PHILLIPS and EDWARDS, Circuit Judges.

PER CURIAM.

The Board petitions for enforcement of its decision and order reported at 167 N.L.R.B. No. 131.

Respondent is a Cemetery Association with executive offices at Detroit, Michigan, and operates a cemetery at Troy, Michigan.

Two questions are presented: (1) Did the Board properly assert jurisdiction over the Association? and (2) whether substantial evidence on the record as a whole supports the Board's findings that the Association violated § 8(a) (3) and (1) of the Act by transferring two employees to lesser jobs and by discharging another because of their activities in support of the union.

The Board found that in the operation of its cemetery the Association had an annual gross volume of business in excess of $884,000 during its fiscal year ending September 30, 1966. Of this amount approximately $483,000 was derived from the sale of burial rights and the remaining $401,000 constituted receipts for services and from sales of bronze grave markers. During the same period the Association purchased goods, including bronze markers, directly from outside the State of Michigan valued in excess of $100,000. The Association has approximately 25 employees.

The Supreme Court has declared that in enacting the National Labor Relations Act Congress intended to provide the Board with the fullest jurisdictional power constitutionally permissible under the Commerce Clause. N.L.R.B. v. Reliance Fuel Corp., 371 U.S. 224, 226, 83 S.Ct. 312, 9 L.Ed.2d 279; Guss v. Utah Labor Relations Board, 353 U.S. 1, 3, 77 S.Ct. 598, 1 L.Ed.2d 601; Polish Alliance of United States v. N.L.R.B., 322 U.S. 643, 647–648, 64 S.Ct. 1196, 88 L.Ed. 1509.

■ We hold that the Board had jurisdiction over the Cemetery Association. See N.L.R.B. v. Inglewood Park Cemetery Assn., 355 F.2d 448 (9th Cir.), cert. denied, First Congregational

Church of Los Angeles v. N.L.R.B., 384 U.S. 951, 86 S.Ct. 1572, 16 L.Ed.2d 548.

 We further hold that the Board's findings of § 8(a) (3) and (1) violations are supported by substantial evidence on the record considered as a whole.

Enforcement granted.