**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**CITY AND COUNTY ELECTRIC SANITARY SEWER SERVICE, INC., Respondent.**

No. 71-1684.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1972.

Decided Sept. 14, 1972.

Jonathan Axelrod, Atty., National Labor Relations Board, Washington, D. C., Peter G. Nash, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Abi-gail Cooley Baskir, Richard D. Zaiger, Attys., for National Labor Relations Board.

Dennis C. Donnelly, St. Louis, Mo., Emmet J. Brennan, Ballwin, Mo., for respondent.

Before MATTHES, Chief Judge, and LAY and HEANEY, Circuit Judges.

PER CURIAM.

The National Labor Relations Board petitions for the enforcement of its order against City and County Electric Sanitary Sewer Service, Inc. The company contends that the petition should be denied because jurisdiction was not properly asserted by the Board and because substantial evidence on the record as a whole does not support the Board's finding that the company violated §§ 8(a)(1), (3) and (5) of the National Labor Relations Act, as amended (61 Stat. 136, 73 Stat. 519, 29 U.S.C. Sec. 151, et seq.).

We grant enforcement. The evidence clearly shows that the company's operations "affected interstate commerce" within the meaning of §§ 2(6) and (7) of the Act. See, National Labor Relations Board v. Reliance Fuel Corp., 371 U.S. 224, 83 S.Ct. 312, 9 L. Ed.2d 279 (1963). While the Board did not adhere to its self-imposed discretionary standards for asserting jurisdiction, its reasons for this failure in this case were not arbitrary or capricious. Indeed, the record shows that the company failed to respond to a subpoena duces tecum designed to elicit information with respect to the company's business with others engaged in interstate commerce. While the company contends that it had permitted the Board agents to examine its books and records, we cannot say that the Board's request for further information was clearly arbitrary in this case where the evidence presented showed that the jurisdictional standards were within a few thousand dollars of being met. See, Memphis Moldings, Inc. v. N. L. R. B., 341 F.2d 534 (6th Cir. 1965); Tropicana Prod-

**210**

ucts, Inc., 122 N.L.R.B. 121, 43 L.R.R.M. 1077 (1958).

We further find substantial evidence on the record as a whole to sustain the Board's finding that the company violated §§ 8(a)(1), (3) and (5) of the Act, and is entitled to the relief granted.

The Board's order will be enforced.