**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**PIZZA PIZZAZ, INC., d/b/a/ Jacob Wirth Restaurant, Respondent.**

No. 80–1587.

United States Court of Appeals, First Circuit.

Argued Feb. 9, 1981.

Decided April 17, 1981.

Paul E. Bateman, with whom William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, and William F. Wachter, Washington, D. C., were on brief, for petitioner.

Robert E. Holland, Boston, Mass., for respondent.

Before COFFIN, Chief Judge, ALDRICH and WINTER *, Circuit Judges.

PER CURIAM.

Adopting the findings of the administrative law judge, the National Labor Relations Board held that respondent Pizza Pizzaz, Inc., a Massachusetts corporation doing business as Jacob Wirth Restaurant, violated §§ 8(a)(1) & (3) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(1) & (3), by threatening and then discharging two employees as a result of their union activities. The Board petitions for enforcement of its order. Respondent resists enforcement, contending first that the Board improperly exercised jurisdiction in this case, and second that the Board's finding of a violation of §§ 8(a)(1) & (3) is not supported by substantial evidence. We reject both contentions and grant enforcement.

I.

Section 10(a) of the National Labor Relations Act grants jurisdiction to the Board "to prevent any person from engaging in any unfair labor practice . . . affecting commerce." 29 U.S.C. § 160(a). In enacting § 10(a), Congress vested the Board with the widest jurisdiction constitutionally permissible under the commerce clause. *NLRB v. Reliance Fuel Oil Corp.*, 371 U.S. 224, 226, 83 S.Ct. 312, 313, 9 L.Ed.2d 279 (1963). It is undisputed that the Board has acted within its statutorily authorized power in this case.

However, in cases involving retail establishments, the Board has imposed upon itself a discretionary jurisdictional standard, requiring that an employer's gross volume of business total at least $500,000 per year. *Carolina Supplies & Cement Co.*, 122 N.L.R.B. 88 (1958). Pizza Pizzaz has annual gross sales in excess of only $140,-000. However, it is the sole stockholder of

*Of the United States Court of Appeals for the Fourth Circuit, sitting by designation.

Jacob Wirth, another Massachusetts corporation, which has sales in its own right of more than $380,000. The Board determined that it had jurisdiction in this case by finding that the two restaurant corporations were a single employer for jurisdictional purposes. The restaurants attack that finding.

We decline to disturb the Board's determination that Pizza Pizzaz and Jacob Wirth are a single employer. "The Board's conclusion that two corporations constitute a 'single employer' is 'essentially a factual one' and not to be disturbed provided substantial evidence in the record supports the Board's findings." *NLRB v. C. K. Smith & Co., Inc.*, 569 F.2d 162, 164 (1 Cir. 1977), *cert. denied*, 436 U.S. 957, 98 S.Ct. 3070, 57 L.Ed.2d 1122 (1978), quoting *NLRB v. R. L. Sweet Lumber Co.*, 515 F.2d 785, 793 (10 Cir.), *cert. denied*, 423 U.S. 986, 96 S.Ct. 393, 46 L.Ed.2d 302 (1975). To direct that factual inquiry, we have enumerated four "controlling criteria" for determining whether two or more business entities are a single employer: "interrelation of operations, common management, centralized control of labor relations and common ownership." *Id.*, quoting *Radio Technicians Local 1264 v. Broadcast Service of Mobile, Inc.*, 380 U.S. 255, 85 S.Ct. 876, 13 L.Ed.2d 789 (1965).

Common ownership is undisputed. Pizza Pizzaz is a corporation operating a fast food restaurant and is also the sole stockholder of Jacob Wirth. Interrelation of the restaurants' operations is minimal, although both serve a specially-made product, Jacob Wirth's Dark Beer, and the two corporations file a consolidated tax return.

Although each restaurant has its own manager, Sam Schwartz at Pizza Pizzaz and Robert McManus at Jacob Wirth, control over the two ultimately rests with a single individual, Richard Fallon, who is president of Pizza Pizzaz, vice-president and treasurer of Wirth, and general manager of both establishments. Fallon handles all labor relations matters. In the past he has fired a manager of Jacob Wirth for refusing to obey his orders with respect to the rehiring of an employee. Fallon testified that he consults with both Schwartz and McManus with regard to wages and the hiring and firing of personnel. He has participated in grievance proceedings involving Jacob Wirth employees and, at the time of the alleged violations, was conducting negotiations with the union regarding a collective bargaining agreement for Wirth's employees. Because Pizza Pizzaz employs only Schwartz and three members of his family, Fallon's control over labor relations at that establishment has been limited to consultations with Schwartz regarding wages and hours. In short, although the degree to which respondent's operations fulfill some of the *C. K. Smith* criteria may be debatable, the record provides substantial evidence from which the Board could rationally draw the conclusion that the two restaurants are a single employer.

Moreover, even if the Board erred in this factual conclusion, we should not refuse to enforce the Board's order for want of jurisdiction:

Where statutory jurisdiction exists ... the Board has the administrative discretion to disregard its own self-imposed jurisdictional yardstick....

When the Board disregards its own self-imposed jurisdictional guidelines in asserting jurisdiction on an ad hoc basis, the courts should not intervene unless compelled to do so by extraordinary circumstances, or unless the Board has abused its discretion.

*NLRB v. Erlich's 814, Inc.*, 577 F.2d 68, 71 (8 Cir. 1978) (citations omitted). *Accord, NLRB v. Okla-Inn*, 488 F.2d 498, 500 (10 Cir. 1973); *Glen Manor Home for Jewish Aged v. NLRB*, 474 F.2d 1145, 1149 (6 Cir.), *cert. denied*, 414 U.S. 826, 94 S.Ct. 130, 38 L.Ed.2d 59 (1973). We find nothing extraordinary in this case that would justify a refusal to support the Board's exercise of jurisdiction.

## II.

■ The Board found that respondent violated § 8(a)(1) of the Act in threatening Angelo Pappas, Jr. and Mohamed Zahran, both waiters at Jacob Wirth, as a result of

their union activity. Respondent does not challenge that finding. Respondent does attack the Board's finding that it violated § 8(a)(3) of the Act in firing Pappas and Zahran. We conclude that substantial evidence on the record as a whole supports the Board's conclusion.

We find that the Board initially demonstrated "'significant' improper motivation" for the discharge. *See, e. g., Statler Industries v. NLRB*, 644 F.2d 902 (1st Cir. 1981). Because respondent does not contest the finding of a § 8(a)(1) violation, we accept as undisputed the finding of the administrative law judge that, two days before the discharge, Wirth's manager McManus warned Pappas in the presence of several waiters, "if you think you're going to bust my ass with the union, I got news for you—don't try it." Likewise, we accept the finding that McManus approached Zahran that same day and asked, referring to Pappas and Zahran, "what you two people are trying to do to me?" In that same conversation, as the administrative law judge found, McManus told Zahran to convey to Pappas the warning that, if Pappas persisted in his union activity, McManus would "break his legs." All of these statements, the accuracy of which respondent does not now contest, provide more than ample basis for the Board's finding that McManus knew of the union activity of Zahran and Pappas and acted to stop it when he discharged both men shortly after these conversations.

We also agree with the Board that respondent failed "to prove that it had a good reason, sufficient in itself, to produce the discharge." *See, e. g., id.* Respondent argues that the Board failed to give adequate consideration to the employer's justification for the firings: *i. e.* that Pappas and Zahran were among the restaurant's most unproductive workers. The administrative law judge discounted this explanation primarily because respondent failed to offer as evidence the cash register records which purportedly would demonstrate the inefficiency of the two employees. Respondent argues that these records were not submitted because Pappas and Zahran admitted their low productivity. However, even if the administrative law judge drew an improper inference from respondent's failure to produce the records, ample evidence remains to support the Board's decision to reject respondent's purported justification. Pappas and Zahran both testified that their low productivity resulted from their assignment to the less desirable tables in the restaurant. Pappas' father, a respected, long-time employee at Jacob Wirth, corroborated this explanation in his testimony.

Respondent asserts that McManus decided to fire Pappas and Zahran because of low productivity several days before making threats to both employees regarding union activity. Respondent's brief places great weight upon the fact that four other employees were fired for inefficiency or misconduct at the same time Pappas and Zahran were discharged. Also, respondent points out, an advertisement seeking new waiters was printed in the *Boston Globe* on the morning of August 5, 1978, the day McManus first warned Pappas about union activity.

The administrative law judge considered this evidence and found it insufficient to account for the discharges. The evidence shows only that plans probably were made prior to August 5 to fire *some employees* for inefficiency. However, respondent's failure to substantiate its claim that Pappas and Zahran fell within that category provided ample grounds for the administrative law judge to reject the employer's proffered justification. Moreover, as the Board argues, it seems extremely unlikely that McManus, having decided to fire Pappas for cause, would publicly threaten him about union activity soon thereafter.

*Enforcement granted.*