**NATIONAL LABOR RELATIONS BOARD, Petitioner/Cross–Respondent,**

v.

**VALENTINE PAINTING AND WALL-COVERING, INC., Respondent/Cross–Petitioner.**

**Nos. 00–4226L, 00–4236C.**

United States Court of Appeals, Second Circuit.

May 17, 2001.

Margaret A. Gaines and Darlene M. Haas, Attorneys; Leonard R. Page, Acting General Counsel, John H. Ferguson, Associate General Counsel, and Aileen A. Armstrong, Deputy Associate General Counsel, of counsel, Washington, DC, for petitioner.

Tedd Blecher, New York, NY, for respondent.

Present WINTER, STRAUB and POOLER, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the National Labor Relations Board's petition for enforcement is GRANTED. Respondent's cross-petition to vacate and set aside the July 28, 2000 decision and order is DENIED.

Petitioner/Cross–Respondent National Labor Relations Board ("NLRB" or the "Board") petitions this Court to enforce its July 28, 2000 order, reported at 331 NLRB No. 109, which adopted the recommended order of an administrative law judge. The ALJ found that Respondent/Cross–Petitioner Valentine Painting & Wallcovering, Inc. ("Valentine") had engaged in unfair labor practices in violation of Sections 8(a)(3) and (1) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158(a)(3) and (1). Familiarity with the July 28, 2000 order is presumed. On appeal, Valentine argues that because its activities are purely intrastate and involve less than $30,000 in indirect purchases made through interstate commerce, the Board lacked subject matter jurisdiction and the complaint should be dismissed.

After the appellate briefs were filed, we decided *Electrical Contractors, Inc. v. NLRB*, 245 F.3d 109 (2d Cir.2001), in which we reaffirmed that Congress granted the Board " 'the fullest jurisdictional breadth constitutionally permissible under the Commerce Clause.' " *Id.* at 17 (quoting *NLRB v. Reliance Fuel Oil Corp.*, 371 U.S. 224, 226, 83 S.Ct. 312, 9 L.Ed.2d 279 (1963) (per curiam)). We have previously held that the Board's "jurisdiction extends to essentially local enterprises which only indirectly affect interstate commerce so long as that effect is more than *de minimis*." *NLRB v. Marsden*, 701 F.2d 238, 241 (2d Cir.1983).

While Valentine argues that jurisdiction is lacking because its indirect purchases total approximately $29,000, which is substantially less than the Board's "*de minimis* standard[ ]" of $50,000, it misunderstands the nature of the Board's self-imposed standard. *See, e.g., NLRB v. Pease Oil Co.*, 279 F.2d 135, 137 (2d Cir. 1960) (noting that such a standard is discretionary and not co-extensive with the Board's statutory power); *Siemons Mailing Serv.*, 122 N.L.R.B. 81 (1958) (establishing $50,000 discretionary standard). Although Valentine's purchases are below the discretionary standard, the Board certainly has statutory jurisdiction to review

Valentine's alleged violations, so long as the affect on interstate commerce is more than *de minimis*.

Here, the General Counsel established that Valentine indirectly purchased $29,488.61 in interstate commerce, an amount that is more than *de minimis*. In this case, the General Counsel needed to resort to evidence provided by Valentine's supplier because Valentine refused, despite the issuance of a subpoena and an extension of time to file a response, to supply the Board with relevant information regarding its connection with interstate commerce. Based on the amount proven, the Board chose, in an exercise of its discretion, to exercise its statutory authority. *See Tropicana Products, Inc.,* 122 N.L.R.B. 121 (1958) (establishing rule that Board may choose to assert jurisdiction where an employer "has refused, upon reasonable request by Board agents, to provide the Board ... with information relevant to the Board's jurisdictional determinations, where the record developed at a hearing ... demonstrates the Board's statutory jurisdiction, irrespective of whether ... the Employer's operations satisfy the Board's jurisdictional standards."). That it is permitted to do, and in light of the deference afforded to the Board, *Electrical Contractors,* 245 F.3d at 116, we do not find that it erred here. *See Pease Oil,* 279 F.2d at 137; *NLRB v. Alexander,* 595 F.2d 454, 457 (8th Cir. 1979) (affirming application of *Tropicana* ).

Because the Board received independent evidence sufficient to establish its statutory jurisdiction and there is no indication that it drew an adverse inference against Valentine for refusing to provide jurisdictional information, we need not consider Valentine's argument that the Board must enforce its subpoena before determining jurisdiction.

Valentine did not file with the Board specific exceptions to the administrative law judge's conclusion that it violated the NLRA and does not challenge those findings on appeal. It has thus waived any challenge. 29 U.S.C. § 160(e); *Electrical Contractors,* 245 F.3d at 115. Valentine also did not raise its objections to the alleged untimeliness of the complaint in its answer or during the proceedings below. This challenge has also been waived. *See NLRB v. Wizard Method, Inc.,* 897 F.2d 1233, 1236 (2d Cir.1990). Therefore, we grant the Board's petition for enforcement of the order.

### CONCLUSION

For the reasons provided above, the petition of the NLRB for enforcement of its July 28, 2000 order is GRANTED. Accordingly, Respondent's cross-petition to vacate and set aside the decision and order of the NLRB is DENIED.