**MEMPHIS MOLDINGS, INC., Petitioner,**
v.
**NATIONAL LABOR RELATIONS BOARD, Respondent.**
No. 15830.

United States Court of Appeals
Sixth Circuit.

Feb. 26, 1965.

Robert L. Taylor, Memphis, Tenn., John T. Dwyer, Memphis, Tenn., on brief, for petitioner.

Lawrence M. Joseph, N. L. R. B., Washington, D. C., Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Elliott Moore, Attorney, N. L. R. B., Washington, D. C., on brief, for respondent.

Before MILLER and EDWARDS, Circuit Judges, and PECK, District Judge.

PER CURIAM.

The National Labor Relations Board found that the petitioner, Memphis Moldings, Inc., violated Section 8(a) (5) and (1) of the National Labor Relations Act by refusing to bargain with District 50, United Mine Workers, hereinafter referred to as the Union, which was the certified representative of its employees. The petitioner is engaged in the manufacture and sale of wood moldings and disappearing stairways. It seeks to set aside the order of the Board. The Board seeks enforcement of the order.

We are of the opinion that under the particular and unusual circumstances of this case the Board properly asserted jurisdiction, even though the interstate operations of the petitioner may not have satisfied the Board's administrative standards for the exercise of its jurisdiction. Lucas County Farm Bureau Cooperative Association v. N. L. R. B., 289 F.2d 844, 845–846, C.A.6th, cert. denied, 368 U.S. 823, 82 S.Ct. 42, 7 L.Ed.2d 28; N. L. R. B. v. West Side Carpet Cleaning Co., 329 F.2d 758, 760, C.A.6th.

Petitioner's contention that the Union is not a labor organization within the provisions of the Act and that it is not authorized by its constitution and by-laws to organize employees in the lumber industry is answered by the uncontradicted testimony of the Union's representative, put into the record by cross-examination of the witness by petitioner's counsel. Its complaint that its oral requests that it be furnished with a copy of the Union's constitution and by-laws in order that it might establish its contention were improperly refused by the

Trial Examiner, is answered by the record, which shows that the Trial Examiner offered to furnish petitioner's counsel with a subpena for that purpose if he desired one, but that he declined the offer.

■ We find no merit in petitioner's contention that although the Union was the certified representative of its employees, it was not authorized to bargain for them because of its alleged failure to certify the name and address of a process agent under the provisions of Section 20–223, Tennessee Code, Annotated, Hill v. State of Florida, 325 U.S. 538, 541, 65 S.Ct. 1373, 89 L.Ed. 1782, rehearing denied, 326 U.S. 804, 66 S.Ct. 11, 90 L.Ed. 489; Hamilton v. N. L. R. B., 160 F.2d 465, 471, C.A.6th, cert. denied, sub nom. 332 U.S. 762, 68 S.Ct. 65, 92 L.Ed. 348.

The petition to review is denied and enforcement of the Board's order is decreed.