378 F.2d 663
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
Harold W. BREITLING and Robert L. Breitling, partners, d/b/a Breitling Brothers Construction Co., and/or Breitling Brothers Construction, Inc., Respondent.
 No. 8746.
 United States Court of Appeals Tenth Circuit.
 May 18, 1967.
 
 Elliott C. Lichtman, Atty., National Labor Relations Board (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel and George B. Driesen, Atty., N. L. R. B., with him on brief), for petitioner.
 Paul E. Reimann, Salt Lake City, Utah, for respondent.
 Before LEWIS, BREITENSTEIN and HICKEY, Circuit Judges.
 HICKEY, Circuit Judge.
 
 
 1
 Pursuant to § 10(e) of the National Labor Relations Act, 29 U.S.C.A. § 160 (e), the Board petitions for the enforcement of its order entered upon findings that Harold W. Breitling and Robert L. Breitling, partners, doing business as Breitling Brothers Construction Company and/or Breitling Brothers Construction, Inc., had violated § 8(a) (1) (3), 29 U.S.C.A. § 158(a) (1) (3), of the Act by engaging in unfair labor practices.
 
 
 2
 Respondents, a contracting and construction enterprise in Salt Lake City, Utah, originally operated as a partnership but later the principal business of contracting and construction was transferred to a corporation. The partners are the principal stockholders of the corporation. All functional elements of the contracting and construction enterprise are performed by the corporation, but the elements of management, i. e., bill-heads, letterheads, and checks, reflect the partnership name. The National Labor Relations Board determined that this was an integrated operation. The Board further found that the integrated operation performed work for businesses operating in interstate commerce in an amount in excess of $50,000.00 These facts satisfied the "self-imposed jurisdictional standards of the Board." N. L. R. B. v. Marbro Food Service, Inc., 366 F.2d 477 (10 Cir. 1966).
 
 
 3
 The Board found that two employees of respondents had been discharged because of their union activities. Respondents contend that the employees were discharged because they failed to diligently perform their duties and because they abused company equipment. The discharges occurred during the time the employees were conferring with agents of the Teamsters, Chauffers, Warehousemen and Helpers Local #222 of the International Brotherhood of Teamsters, Chauffers, Warehousemen and Helpers of America. The testimony of the witness Childs plus that of the five labor organizers is sufficient to sustain the finding of an unfair labor practice. In the Board's position we might have been reluctant to make such findings. The National Labor Relations Act, however, embodies a division of responsibility and the Board's findings are conclusive. The judiciary has control of the law, but can review the Board's findings only in terms of the "substantial evidence" rule. Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).
 
 
 4
 The Board ordered that the two employees be reinstated and compensated for loss of wages. This additional affirmative action taken by the Board must be set aside insofar as it applies to ex-employee Childs. The record indicates that Childs confessed that he had stolen property from the respondents. Although the thefts occurred prior to the time of discharge, it was not known to the respondent until after the discharge.
 
 
 5
 Section 10(c), 29 U.S.C.A. § 160(c), authorizes the Board "* * * to take such affirmative action including reinstatement of employees with or without back pay, as will effectuate the policies of this subchapter." We cannot conclude that the reinstatement of a confessed thief effectuates the policies of the Act.
 
 
 6
 If an employee is guilty of unlawfully taking property from his employers, that conduct is sufficient reason for discharge. A discharge on that ground would not violate the Act because it would not be a discharge for the purpose of intimidating or coercing the employee with respect to his right of self-organization or self-representation, or because of lawful union activity, but would rest upon an independent and adequate basis. The Supreme Court has said, "We are unable to conclude that Congress intended to compel employers to retain persons in their employ regardless of their unlawful conduct * * *." N. L. R. B. v. Fansteel Corp., 306 U.S. 240, 255, 59 S.Ct. 490, 496, 83 L.Ed. 627 (1939). We are unable to ascertain that the Congressional intent has been otherwise interpreted.
 
 
 7
 We recently held "* * * that to forgive and forget the misconduct of the picket toward the customer as well as her testimony before the Board does not further the purpose of the National Labor Relations Act and is arbitrary." Montgomery Ward Company, Inc., v. N. L. R. B., 374 F.2d 606 (10 Cir. March 22, 1967).
 
 
 8
 We remand the order of the Board for modification so as to eliminate the reinstatement of Childs and compensation to him for loss of wages, believing that it would be unwarranted to penalize the employer by requiring him to reinstate a person who stole property during his employment.
 
 
 9
 We recognize that the purposes of the Act are remedial and not punitive. Therefore, the power of the Board to remedy an unfair labor practice is not regulated by private agreement between the parties, and Sorenson's reinstatement must be sustained as a remedial policy determination.
 
 
 10
 In all other matters we would enforce the order.