**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ERLICH'S 814, INC., Erlich's Northwest, Inc., Capri Launderers and Dry Cleaners, Inc. and Erlich Cleaning Company, Respondents.**

No. 77–1861.

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1978.

Decided June 13, 1978.

John G. Elligers and Michael F. Messitte, Attys., John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Assoc. Gen. Counsel and Elliott Moore, Deputy Assoc. Gen. Counsel, NLRB, Washington, D. C., filed briefs for petitioner.

Gerald Tockman and Charles W. Ahner, Jr., St. Louis, Mo., filed brief for respondents.

Before GIBSON, Chief Judge, HEANEY, Circuit Judge, and MacLAUGHLIN, District Judge.*

GIBSON, Chief Judge.

The National Labor Relations Board (Board) petitions for enforcement of its order of September 8, 1977, finding respondents Erlich's 814, Inc., Erlich's Northwest, Inc., Capri Launderers and Dry Cleaners, Inc. and Erlich Cleaning Co. in violation of § 8(a)(5), (3) and (1) of the National Labor Relations Act, 29 U.S.C. §§ 151 et seq. (1970).[1] The sole issue before this court concerns the Board's jurisdiction.[2]

Max Erlich owns and operates four laundry and dry cleaning operations in the St. Louis, Missouri, area: Erlich's 814, Inc., Erlich's Northwest, Inc., Capri Launderers and Dry Cleaners, Inc. and Erlich Cleaning

---

* The Honorable Harry H. MacLaughlin, United States District Judge, District of Minnesota, sitting by designation.

1. The Board's decision and order are reported at 231 N.L.R.B. No. 127 (1977).

2. Under § 10(e) of the Act, 29 U.S.C. § 160(e), an objection which has not been urged before the Board shall not be considered by the court unless the failure or neglect to urge the objection may be excused because of extraordinary circumstances. *NLRB v. Ochoa Fertilizer Corp.*, 368 U.S. 318, 322, 82 S.Ct. 344, 7 L.Ed.2d 312 (1961). In the instant case, an administrative law judge ruled that the Board had jurisdiction and went on to find that the employer had violated § 8(a)(5), (3) and (1) of the Act. The employer excepted only to the jurisdictional aspect of the administrative law judge's opinion, and no extraordinary circumstances excusing its failure to voice objections to the substantive violations appear in the record. Accordingly, the employer is now precluded by § 10(e) from contesting those § 8(a)(5), (3) and (1) findings of the administrative law judge which were subsequently adopted by the Board. *NLRB v. Fremont Mfg. Co.*, 558 F.2d 889, 890 n. 2 (8th Cir. 1977).

The General Counsel filed exceptions to the administrative law judge's ruling that three statements by the employer did not constitute violations of § 8(a)(1) of the Act. The employer did not respond to the General Counsel's exceptions. The Board found merit in these exceptions and reversed the administrative law judge to the extent of finding three additional violations of § 8(a)(1). The employer did not move for reconsideration of these additional violations. Its failure to respond to the General Counsel's exceptions and to move for reconsideration precludes it from contesting these additional findings now. *NLRB v. Allied Products Corp.*, 548 F.2d 644, 653–54 (6th Cir. 1977). Thus, the only issue now properly before this court involves the Board's jurisdiction.

Company. Erlich is the president, principal stockholder and a member of the board of directors of Capri Launderers and Dry Cleaners, Erlich's 814 and Erlich's Northwest. He and his father are partners in Erlich Cleaning Co. The gross revenues for these four enterprises amounted to $314,000 in 1975.

Erlich also operates shoe repair businesses in the St. Louis area through three corporations: Erlich's Service Centers, Inc., Erlich's Inc. and Erlich's West, Inc. Erlich is the sole or major stockholder of these corporations. He also serves on the board of directors of each corporation and functions as a principal officer of each. Erlich's Service Centers, Inc., which had gross revenues of $258,922 in 1975, operates shoe repair establishments in six Famous-Barr department stores. Erlich's, Inc. and Erlich's West, which had gross revenues totaling $140,000 in 1975, operate shoe repair establishments at two Stix, Baer and Fuller department stores. These shoe repair entities were not named as respondents in this proceeding.

The labor problems at issue here involved Erlich's laundry and dry cleaning establishments only, which had gross revenues in 1975 of $314,000. In order to meet its self-imposed discretionary standard for asserting jurisdiction over retail concerns, $500,000 gross volume of business in a year, the Board combined the gross revenues of Erlich's laundry-dry cleaning concerns and his shoe repair operations. Erlich contends that these businesses were not sufficiently integrated to allow an aggregation of gross revenues and that the Board, therefore, lacks jurisdiction.

■ In enacting the National Labor Relations Act, Congress gave and intended to give the Board the fullest possible jurisdiction under the commerce clause of the Constitution. *NLRB v. Reliance Fuel Corp.,* 371 U.S. 224, 226, 83 S.Ct. 312, 9 L.Ed.2d 279 (1963); *Polish National Alliance v. NLRB,* 322 U.S. 643, 647, 64 S.Ct. 1196, 88 L.Ed. 1509 (1944). Under § 10(a) of the Act, the Board is granted statutory jurisdiction "to prevent any person from engaging in any unfair labor practice * * * affecting commerce." 29 U.S.C. § 160(a). Section 2(7) of the Act provides a broad definition of the key term in this jurisdictional grant:

> The term "affecting commerce" means in commerce, or burdening or obstructing commerce or the free flow of commerce, or having led or tending to lead to a labor dispute burdening or obstructing commerce or the free flow of commerce.

29 U.S.C. § 152(7).

■ In addition to this standard of statutory jurisdiction, the Board has imposed upon itself a discretionary jurisdictional standard with regard to retail enterprises. Ordinarily, the Board will assert jurisdiction over a retail enterprise only when it does a gross volume of business of at least $500,000 per year and the Board finds that it will best effectuate the policies of the Act to assert jurisdiction. *Carolina Supplies and Cement Co.,* 122 N.L.R.B. 88 (1958).

■ In the instant case, the Board found that Erlich's laundry and dry cleaning concerns had purchased sufficient goods moving in interstate commerce to affect commerce and thus had met the statutory jurisdictional standard. A review of the record reveals substantial evidence supportive of the Board's finding of statutory jurisdiction. The more difficult question here is in regard to the Board's decision to assert discretionary jurisdiction. By aggregating the gross revenues of Erlich's dry cleaning-laundry and shoe repair enterprises, the Board found gross revenues in excess of its self-imposed discretionary standard of $500,000. The gross revenues of Erlich's laundry and dry cleaning businesses alone did not reach the $500,000 level. Erlich argues that since the Board's aggregation of gross revenues was improper, the self-imposed $500,000 limit has not been met and the Board is without jurisdiction.

■■ We deem it unnecessary to determine whether the Board's aggregation of the gross revenues of the shoe repair and dry cleaning-laundry enterprises was proper, for even if we assume *arguendo* that it

was improper, we hold that the Board nevertheless had jurisdiction. The $500,000 standard for jurisdiction over retail enterprises is a discretionary standard which the Board has imposed upon itself. Where statutory jurisdiction exists, as it clearly does here, the Board has the administrative discretion to disregard its own self-imposed jurisdictional yardstick. *Glen Manor Home for Jewish Aged v. NLRB,* 474 F.2d 1145, 1149 (6th Cir.), *cert. denied,* 414 U.S. 826, 94 S.Ct. 130, 38 L.Ed.2d 59 (1973); *NLRB v. Carpenters Local No. 2133,* 356 F.2d 464, 465 (9th Cir. 1966); *NLRB v. West Side Carpet Cleaning Co.,* 329 F.2d 758, 760 (6th Cir. 1964). The existence of a discretionary jurisdictional guideline does not, of course, derogate from the breadth of the Board's statutory jurisdiction, which, as noted in *Glen Manor Home for Jewish Aged v. NLRB, supra* at 1149, "is as broad as the Commerce Clause."

When the Board disregards its own self-imposed jurisdictional guidelines in asserting jurisdiction on an ad hoc basis, the courts should not intervene unless compelled to do so by extraordinary circumstances, *NLRB v. Timberland and Packing Corp.,* 550 F.2d 500, 501 (9th Cir. 1977), *cert. denied,* 434 U.S. 922, 98 S.Ct. 397, 54 L.Ed.2d 279 (1978); *NLRB v. Marinor Inns, Inc.,* 445 F.2d 538, 541 (5th Cir. 1971), or unless the Board has abused its discretion. *Glen Manor Home for Jewish Aged v. NLRB, supra* at 1149; *Lucas County Farm Bureau Cooperative Association v. NLRB,* 289 F.2d 844, 845–46 (6th Cir.), *cert. denied,* 368 U.S. 823, 82 S.Ct. 42, 7 L.Ed.2d 28 (1961). No extraordinary circumstances compel our intervention in the Board's decision to assert jurisdiction in the instant case. Nor does the record reveal that the Board's decision represents an abuse of its administrative discretion.

If the gross revenues of Erlich's laundry-dry cleaning and shoe repair enterprises were properly aggregated, the Board's $500,000 discretionary standard was met. If they were improperly aggregated, the Board nevertheless had jurisdiction, for the $500,000 limitation is a self-imposed guideline which the Board has the administrative discretion to disregard on an ad hoc basis. Accordingly, we hold that the Board's assertion of jurisdiction was proper under the facts of this case.[3] In the absence of any exceptions by the employer to the Board's findings of substantive violations of § 8(a)(5), (3) and (1) of the Act, the Board's petition for enforcement of its order is granted.

Order enforced.

---

3. We wish to emphasize that this ruling is not to be read as an endorsement of the Board's finding that Erlich's laundry-dry cleaning and shoe repair enterprises constituted a single employer or a single integrated enterprise. Because the Board has jurisdiction whether this finding is correct or not, we need not subject it to close scrutiny here. Were we called upon to do so, we would be faced with difficult and close questions of both fact and law, for the record appears to contain scant evidence probative of integration and considerable evidence of the integrity and individuality of Erlich's shoe repair and laundry-dry cleaning enterprises. Paychecks for Erlich's laundry-dry cleaning and shoe repair enterprises were issued from a common bank account. Otherwise, however, the operations of the respondent and non-respondent concerns owned by Erlich appear to have been separate, distinct and autonomous.