**Gregory PETTUS**

v.

**VETERANS ADMINISTRATION HOSPITAL PHILADELPHIA, Barry L. Bell and George E. Woody, M. D.**

**Civ. A. No. 80–2622.**

United States District Court,
E. D. Pennsylvania.

July 8, 1981.

Gregory Pettus, pro se.

Dawn Mac Phee, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM

GILES, District Judge.

Plaintiff, *pro se*, a Vietnam War veteran, commenced this action pursuant to 42 U.S.C. § 1983 naming as defendants, The Veterans Administration Hospital in Philadelphia ("Hospital"); Barry L. Bell, Director of the Hospital; and George E. Woody, M.D., Director of the Hospital's Drug Dependent Treatment Service. Since December of 1979 plaintiff has been undergoing treatment for drug addiction at the Hospital's Drug Dependent Treatment Service. He contends that the defendants have implemented discriminatory policies which have violated his rights under Title VII of the Civil Rights Act of 1964, § 701 *et seq.*, 42 U.S.C. § 2000e *et seq.*; 38 U.S.C. § 4133; and the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. All defendants have moved to dismiss for lack of jurisdiction. Defendants Woody and Bell have moved to dismiss for improper service.

■ The trial court must take as true all the factual allegations of plaintiff's complaint and review them in the light most favorable to him. It must be determined whether, under any reasonable reading of the pleadings, plaintiff has stated a cause of action over which this court has jurisdiction. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Rogin v. Bensalem Township*, 616 F.2d 680, 685 (3d Cir. 1980).

Plaintiff asserts that veterans treated for drug addiction are required to have "clean" urine samples as a prerequisite to receiving travel expense reimbursements, while veterans treated for alcoholism are not subjected to the same requirement. It is also alleged that drug addicted veterans are accorded fewer privileges and services by the Hospital than other veterans similarly situated. Plaintiff argues that the differences in treatment were created deliberately to discriminate against drug addicted veterans.

■ Even assuming that the foregoing practices are unlawfully discriminatory plaintiff has not stated a cause of action in this court under either the United States Constitution or the statutes on which he asserts his action. His claims under the

Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983 must fail because he has not asserted, nor can he assert, that the defendants are acting under color of *state* law. The language of the Sixth Amendment clearly limits its scope to criminal prosecutions and is thus inapplicable here. Plaintiff's Eighth Amendment claims necessarily fail for the same reason. *Ingraham v. Wright*, 430 U.S. 651, 664, 97 S.Ct. 1401, 1408, 51 L.Ed.2d 711 (1976).[1]

Plaintiff contends that exhaustion is not required for actions brought pursuant to Title VII of the Civil Rights Act of 1964. Exhaustion of Title VII procedures is required, but more importantly, Title VII is limited in scope to *employment* discrimination. Title VII clearly does not create a cause of action for the type of discrimination plaintiff claims to have suffered.

▆ Although 38 U.S.C. § 4133 gives plaintiff a cause of action, it is improperly before the court because he has failed to exhaust the administrative remedies available under 38 U.S.C. §§ 4001–4007. "The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law." *McKart v. United States*, 395 U.S. 185, 193, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194 (1967). The doctrine provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Id.* The Veterans Administration Act does provide a remedy which plaintiff has failed to exhaust.

▆ The provisions of 38 U.S.C. § 211(a) explicitly bar judicial consideration of plaintiff's challenge to the alleged discriminatory practices of the defendants. It reads:

a) On and after October 17, 1940, except as provided in sections 775, 784, and as to matters arising under chapter 37 of this

title, the *decisions* of the Administrator on any question of law or fact under any law administered by the Veterans Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decisions by an action in the nature of mandamus or otherwise. (Emphasis added).

While § 211(a) does not prohibit judicial review of constitutional challenges to veterans' benefits legislation, it does bar the courts from reviewing challenges to decisions made by the Veterans Administration to implement the legislation. *Johnson v. Robison*, 415 U.S. 361, 367, 94 S.Ct. 1160, 1165, 39 L.Ed.2d 389 (1974). Here, plaintiff is challenging the medical and rehabilitative decisions of the Hospital's administrators, not any legislative act of Congress. As observed by the Supreme Court, such a challenge falls within the purview of the no-review clause of § 211. *Id.*

For all the reasons stated above, defendants' motions to dismiss for lack of jurisdiction are granted.

---

1. Furthermore, plaintiff cannot ask the court to imply a cause of action directly under the Fifth Amendment as was done by the Supreme Court in *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979). The Court

explicitly stated in *Davis* that where an effective administrative remedy exists, as is the case here, no cause of action should be implied. *Id.* at 242, 99 S.Ct. at 2275.